315-0527 People of the State of Illinois at Lied by Mark Austell v. Chris Walker, Appellant by Ryan Kohut. Good afternoon, Your Honors, Counsel. My name is Brian Kohut. I am Assistant Appellant Defender with the Office of the State Appellant Defender, and I represent Mr. Chris Walker, the criminal defendant in this case. Mr. Walker filed a petition for relief from judgment under the Code of Civil Procedure. He requested counsel be appointed to represent him, and the Circuit Court, in its discretion, appointed counsel for him. The State filed a motion to dismiss the 1401 petition, claiming that it was untimely, and no excuse for its untimeliness had been fled. Counsel filed a response to the State's motion to dismiss, but he did not plead any excuse for the untimely filing of the petition. Mr. Walker filed a pro se response to the State's motion to dismiss, alleging a number of facts that could amount to an excuse for the untimely filing, but counsel refused to adopt the pro se petition, and the Circuit Court refused to consider it because he was represented by counsel. Needless to say, the Circuit Court dismissed the 1401 petition based on the State's 619 motion to dismiss, because there was no excuse fled to excuse the untimely filing of the 1401 petition. The issue on appeal here is twofold. It's what is the standard for assessing the adequacy of counsel who is appointed to represent an indigent defendant on a 1401 petition, and whether counsel met that standard. First, the same standard that applies to counsel appointed to represent a 1401 petitioner should, excuse me, the same standard applies to counsel appointed to represent a criminal defendant in a post-conviction petition under the Post-Conviction Hearing Act should apply to an indigent defendant who has filed a 21401 petition. The rationale for appointing counsel in both those cases is the same. It's to help the indigent defendant, who's often unskilled, semi-illiterate, develop his issues and present them to the court. And the role of counsel appointed in both those situations under the Post-Conviction Hearing Act or under Section 21401 is the same, is to assist and present those arguments. Seemingly, then, the duties for counsel under both the Post-Conviction Hearing Act and Section 21401 should be the same. That is, to meet with the petitioner, to ascertain his allegations of error, to amend the filing, to convey those allegations of error, and to review the reported proceedings of the record to make sure that these are not frivolous. There is some merit to these allegations. Therefore, the standard that applies under the Post-Conviction Hearing Act, the reasonable assistance of counsel standard, should also apply to petitioners filing Section 21401 petitions, where counsel is appointed to represent the indigent defendant. Now, State argues that due diligence should apply, but due diligence is nothing more than the reasonableness of counsel. The State does not explain what due diligence actually would amount to, and there's really no other standard other than simply whether counsel was reasonable. There's no standard below reasonableness. And even if due diligence were to amount to a lower standard, under Tedder v. Fairman, where due diligence would require the appointed counsel to amend the petition to adequately present the petitioner's claims. In fact, in this case, counsel's actions left the indigent defendant in a worse position than if he would not have had counsel. Counsel was appointed to represent him. He filed a response to the State's motion to dismiss, which simply alleged the untimely filing, but failed to allege any sort of excuse for this untimely filing. But then when the defendant wanted to file his pro se filing to allege an excuse to the untimely filing, counsel would not adopt it, and the court would not accept it because he was represented by counsel. If counsel was never appointed in the first place, then he would have been able to present his pro se response to the court. Mr. Kohut, with either due diligence or reasonable assistance or whatever else we call it, effective assistance, is the duty of an attorney any different under the rules of professional conduct? No, no, no. I mean, there are different standards that are given to assess counsel's adequacy, whether it's constitutionally appointed counsel or statutorily appointed counsel. But really, at the very least, he has to, under the model, I believe under the model rules, he has to at least meet with the client. He can't present frivolous filings, so he has to do some sort of research to determine whether these are meritorious issues, whether he can even put his name on the filing. So I would say that, yes, at the base, they're the same. I mean, whether it's constitutionally appointed or statutorily appointed, of course, there's different standards there. So in this case, where it seems like there's two parts or two things that an attorney should do, one would be to, as the trial judge instructed, you know, put the record to see the underlying claim, if there's any merit to it. But then in this particular case, where it's the 214-01, he's got to figure out what the excuse or why the defendant didn't get this filed timely. So under due diligence and reasonable assistance, do you think both things are required of an attorney in this circumstance? Yes. And what you're saying is that due diligence really is the same thing as reasonable assistance. Yes. Yeah, due diligence, it's defined by reasonableness. In Mr. Walker's opinion, there is no difference between due diligence and reasonable assistance of counsel. And, yes, counsel has to look at the record. As the trial judge told counsel, counsel said to the judge, I don't think I'm even required to read the record here. And the judge said, well, you know, I think you might want to do that just to support his allegations or determine whether they're frivolous and ask to withdraw. And as far as the excuse, the only contention here was this is a 619 motion filed by the state alleging that the statute of limitations had expired. The only thing that was in contention here is whether it was untimely. And the only way he could bring the defendant's petition before the court is if he alleged some sort of excuse for the untimely filing. And that excuse was presented in the pro se response. But counsel refused to adopt it, so he refused to plead any excuse for untimely filing. This is a foregone conclusion. The judge simply, he pretty much had to dismiss this petition. Again, instant counsel did not provide a reasonable level of assistance where he failed to amend the petition to allege any excuse for the untimely filing. And he had the facts available to plead that excuse. They were contained in the pro se response. And there were enough facts there that it would not be a frivolous argument that he would be making or would it be? I don't think so. I don't think that that would be a frivolous argument because Mr. Walker stated that he was in the mental health center in our correctional center for approximately eight years. And so there's enough there to at least look into the claims to at least talk with Mr. Walker and see what exactly happened. And then make the put that in the pleading to set forth to the court. What happened here is that it was never even implied. Counsel got up and said, well, if we put Mr. Walker on the stand, he might be able to testify to some of the circumstances for his imprisonment during the time he was in Menard for the past eight years. But we never get to the evidentiary hearing because it was never applied in the first place. Now, I mean, maybe there's not enough there. Maybe there is. At least counsel has spoken to the defendant, perhaps pled these. And if he could not plead these facts, if it was frivolous, then his duty was to withdraw as counsel. If he cannot present those claims. So at the very least, he needs to talk with the defendant. And if he can't present these claims, he has to withdraw. He did not. He didn't. There's no indication that he reviewed these facts with the defendant and then thought that they were frivolous. And that's the reason why he didn't put them in the petition. And because they were never pled, I mean, the circuit court never had the opportunity to rule on the pro se response. He never considered it the facts and the response were never pled and counsel never adopted it. So the circuit court has never had the opportunity to review this potential excuse for the untimely filing. And Mr. Walker should not have to show that he was prejudiced in this case because, again, adopting post-conviction law, when counsel has unreasonably left out an issue or something that's necessary for the court to hear the petition in the first place, then he should not have to show prejudice under Suarez and Turner and Johnson, courts probably well familiar with those cases by now. And this court should not resolve issues that should have been resolved in the circuit court in the first place. And also the state also argues against the merits of the underlying claims in the petition. But, again, those were never reached by the circuit court. This is a 619 motion to dismiss simply claiming the affirmative defense. And that assumes the legal sufficiency of the pleadings. So that argument simply has no merit. In conclusion, Your Honors, we're asking that the case be remanded for further proceedings on Mr. Walker's pro se filed 1401 petition with the benefit of substitute counsel. In conclusion, Your Honors, appointed counsel failed to provide a reasonable level of assistance and counsel failed to plead facts of record that could have shown the untimely filing of Petitioner's Section 214-01 should be excused. Therefore, this matter should be remanded for further proceedings. Thank you, Your Honors. Thank you, Mr. Coyne. Mr. Rossin. May it please the Court. Petitioner asserts that his appointed counsel failed to provide proper assistance in presenting his 214-01 petition. And he initially argues that he is entitled to the same reasonable level of assistance as a defendant under the Post-Conviction Hearing Act. This Court in Welch, citing Pen-Consley, stated that the Court may assume that a Section 214-01 petitioner is entitled to the same level of assistance as a post-conviction petitioner. But Pen-Consley did not hold that a 214-01 petitioner is entitled to the same reasonable assistance of counsel as is a post-conviction petitioner. The issue of appeal in Pen-Consley was whether the appellate court had improperly applied the Strickland Standard in reviewing a trial counsel's attorney. Supreme Court Rule 651C specifies the duties of post-conviction counsel, but it does not reference counsel on 214-01 proceedings. And the Pen-Consley Court was not asked to decide whether Rule 651C applied to attorneys appointed in 214-01 proceedings or in any other civil proceedings. Our Supreme Court in Stoffel stated that Rule 651C pertains solely to post-conviction counsel appointed pursuant to the Act. Unlike Section 122-4 of the Post-Conviction Hearing Act, Section 214-01 does not provide for the appointment of counsel. It is totally discretionary. But when counsel is appointed, then what is lower? Do we just have to be alive? Do we just have to have a law license? I don't get how we can go much lower. I don't understand. In this circumstance, what is due diligence? Well, due diligence is the attention to care that would be required in the given situation. It's not the same. It's similar levels. I'm not going to say that it's totally different. There is certainly overlap under any appropriate standard of care or diligence by an attorney. But the 651C has very specific duties, very specifically outlined for the post-conviction petitions when we don't have that in the 214-01. Our Supreme Court in Tedder specifically stated that a prisoner does not have a right to counsel in a civil suit, but the constitutional mandate is for meaningful access to law libraries or assistance from persons trained in the law. Neither Tedder nor Pankowski require that 214-01 counsel seek out evidence in support of the petition. And the Tedder court specifically stated that if counsel is appointed in a 214-01 proceeding, that counsel, quote, is expected to exercise due diligence in proceeding with the assigned case, end quote. In Vinson, our Supreme Court stated that the Post-Conviction Hearing Act has no application whatsoever to section 214-01. They call it an entirely different form of statutory collateral relief. Therefore, people submit that counsel is required to only exercise due diligence when assisting a 214-01 petitioner. And is due diligence a lesser standard than reasonable assistance? I believe it's slightly lower, just as reasonable assistance. Reasonable assistance? I'm sorry? Is it unreasonable assistance? No, absolutely not. No. I mean, what reasonable assistance would seem to be the lowest you could go? Well, as I mentioned to Judge O'Brien, that there is overlap, definitely. I mean, under 651C, you have to consult with your petitioner, post-conviction petitioner. Certainly, any counsel exercising due diligence, as this counsel did, has to speak with their client and determine their claims. Under 651C, you also have to examine the trial record. In 214-01, that may or may not be necessary, but it's a requirement under 651C. It depends on the claim that comes up under 214-01. Also, under 651C, you have to make needed amendments to the post-conviction petition to present the claims, the constitutional claims. Now, if there are needed amendments under 214-01, certainly, I would consider that to be due diligence to amend the petition or to present the claims in proper form. But that doesn't require counsel to rush off to the prison to interview the psychiatrist, to interview the guards, to try to find anything to substantiate the claims. And that would go beyond due diligence and also go beyond what is expected under reasonable assistance. You're not required to go out and seek out evidence. So the standards are close. I don't dispute that. But there are certainly a higher level, a little more involvement involved in 651C under post-conviction under the reasonable assistance standard. Is a due diligence standard consistent with an attorney's obligations under the Code of Professional Conduct? I believe so, yes. And that minimal standard under the Code of Conduct is exactly what we're talking about in due diligence. So is that reasonable assistance? It encompasses reasonable assistance. Are you saying that they're essentially the same? I'm saying they're very similar, but I'm saying that they're not exactly the same. Just as reasonable assistance is not Sferklund, which applies only to criminal courts, there are slightly different levels. And maybe the shading is a little gray, but it's not exactly the same. You're asking us to find out what level there is? I'm just asking the court to find that the 651C reasonable assistance is not the requirement under 214.1. Maybe it's a matter of semantics. Due diligence is essentially reasonable assistance, but some minor tricks in it. I have trouble with your asking us to find out what the difference is. I tried to explain. Perhaps I didn't do it as well as I could have. But I do believe that there is a slightly lower standard in due diligence, but it still meets the standard of the Code of Conduct. But it's just not quite the same level that is required for post-conviction petitions to bring your constitutional claims. Petitioner asserts that 242.1 counsel did not satisfy the appropriate standard where he didn't amend the petition to allege that it was untimely due to duress or legal disability. Petitioner admitted, of course, in his brief, that it was filed well beyond the two-year limit. Petitioner was sentenced on April 4, 2006, but he filed his petition on January 23, 2015. And he did not allege in his petition that he was under duress or legal disability, his pro se petition, that is, or that any ground for relief was fraudulently concealed, which is required under 214.1c. Petitioner made these vague and unsupported allegations to the effect in his pro se response to the people's motion to dismiss, but, of course, counsel did not adopt that particular filing. And the prosecutor conceded that petitioner was not required to file any affidavit with his petition because he was making a void sentence claim. And the people have shown on the brief, pages 13 through 17, that his sentence was not void and his underlying claim was meritless. The prosecutor did not concede, though, that petitioner's unsupported claims of duress and legal disability, due to being in the mental health unit at Menard Correctional Center, were matters of record. Petitioner claimed he was in Menard Mental Health Unit or in segregation from 2006 through 2008. But contrary to his assertion that he was under duress or legal disability, he filed multiple appeals during those eight years. He did collateral attacks on the judgment for post-conviction petitions, successive petitions, other pleadings and letters to the court during all these years. And his ability to accomplish all these multiple detailed legal filings during that time, supports that he was not under duress or legal disability during the two-year period after his sentence was passed. And even if he had been denied access to the law library for two years after sentencing, unlike in his post-conviction petitions, he made no attempt to file for an extension of time on his 214-01 petition, and he filed a direct appeal during the two-year period also. How did the defendant come to be appointed counsel? He's not entitled to it under 214-01. How did that happen? He requested counsel, and the judge provided counsel to him upon request. Is there a standard of some sort that has to be met for counsel to be appointed? It's a matter of discretion. I am unaware of any particular standard that has to be met. There's no ground for relief for fraudulently concealed from petitioner, because his claims of a void sentence are centered on matters of the trial record. Thus, ethically, counsel could not have included a groundless claim of duress, legal disability, or fraudulent concealment in counsel's response to the people's motion to dismiss. Therefore, petitioner's counsel exercised due diligence, and trial judge's dismissal due to untimeliness was proper. So the people asked this Court to affirm the dismissal of the petitioner's 214-01 petition for relief from judgment. Do you have any other questions for me, Your Honor? Thank you. Your Honor, first off, the Court appointed counsel to represent the indigent defendant within its discretion. It has perfect discretion to appoint counsel to represent the 14-01 petitioner, and the Court did so here not just for the petitioner, but for the Court as well. The assistance of counsel to represent the indigent petitioner is semi-skilled, semi-literate. It helps the Court shape the issues. It helps the parties define the issues. It helps the Court decide the issues correctly. This Court was asking the State how much lower a standard is due diligence. They're the same. Due diligence is defined by reasonableness, and counsel, and I don't want to misquote, I believe he said something to the effect of due diligence is the attention and care required in specific circumstances. That's a reasonable assistance standard. It's the same thing. And even if it is slightly lower or just a little bit different, if that's what the standard is that he's to give the care required in specific circumstances, he needed to amend this petition to allege an excuse to counter the State's timeliness argument. And if he had nothing to allege, then he has to withdraw. But he did have something to allege. He did not have to seek out facts. He didn't have to go looking for evidence. The pro se petitioner, he filed a pro se response to the State's motion, alleging specific facts that could have been applied as a disability. And then the State further argues that the defendant cannot show he was prejudiced because his pro se response was insufficient to establish a legal disability. But at this point in the proceedings, just like under the Post-Conviction Hearing Act, this court should not resolve questions that have never been addressed by the circuit court. His excuses were never pled, they were never fleshed out, they were never determined. We don't know how he was able to file, make other filings, how he was able to mail other letters, even whether he was given a pencil while he was in the mental health ward and just signed his name. We don't know this fact because they were never pled in the first place. And then finally, Rule 651C, it's a certification requirement.  The counsel is established through case law and under the statute itself. 651C just requires that counsel certifies that he does specific things. It is not the reasonable assistance standard itself. So yes, 651C does not apply to 1401 petitioners, but it doesn't matter. It's still a question of whether it was a reasonable level of assistance. That should apply to 1401 petitioners just the same as it applies to petitioners under the Post-Conviction Hearing Act. It serves the same rationale, counsel has the same role, counsel has the same duties under both the Act and the section. I thank you, Your Honors. Thank you, Mr. Koroff, and thank you both for your arguments. Today we will take this matter under advisement. We thank you for the reasonable decision to report that.